# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LAUREN JORDAN,

    Plaintiff,

v.

                                    CASE NO: 4:22-cv-00101-MW-MAF

TRULIEVE, INC.,

    Defendant.

_____/

## DEFENDANT'S INITIAL RULE 26 DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant, Trulieve, Inc. ("Defendant"), discloses as follows:

### I.    PRELIMINARY STATEMENT

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Rules"), Defendant hereby submits the following Initial Disclosures based on information reasonably known and available to Defendant as of the date hereof. Defendant's investigation is ongoing, and accordingly reserves the right to present witnesses, documents, and evidence in addition to the information that is disclosed and identified herein. Defendant recognizes their continuing obligation under Rule 26(e) to supplement these Initial Disclosures and will do so as they becomes aware

of or receives additional relevant information during the course of discovery in this case.

Defendant's disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## II.    DISCLOSURES:

1.    Pursuant to Rule 26(a)(1)(A)(i), Federal Rules of Civil Procedure, Defendant identifies the following individuals and entities as witnesses who are likely to have discoverable information that Defendant may use to support their case, unless solely for impeachment.

| PERSONS/ENTITIES | CONTACT INFORMATION | SUBJECT |
| --- | --- | --- |
| Lauren Jordan | c/o Richard E. Johnson | Knowledge of her claims and allegations |
| Christopher Kibler | c/o Stearns Weaver Miller, P.A. | Knowledge of Plaintiff's allegations about his behavior, his conduct, the interactions between them, and Plaintiff's job performance. |
| Jhakira Russell | c/o Stearns Weaver Miller, P.A. | Knowledge of Plaintiff's allegations regarding her interactions with Trulieve's |

| | | human resources department |
|---|---|---|
| Rachel Alvaro | 850-624-4277 (last known number) | Knowledge of Plaintiff's claims and allegations |
| Christina Phillips | 850-443-4004 (last known number) | Knowledge of Trulieve's human resources department's investigation of allegations made by Kristin Overman and Lauren Jordan |
| Mark Hart | c/o Stearns Weaver Miller, P.A. | Knowledge of Trulieve's loss prevention investigation into Ms. Jordan. |
| Trulieve, Inc. Records Custodian | c/o Stearns Weaver Miller, P.A. | Able to authenticate Trulieve's records pertaining to Plaintiff and her claims |
| Any witness listed on Plaintiff's Rule 26(a)(1) disclosure | | |

2. Pursuant to Rule 26(a)(l)(A)(ii), and subject to and incorporating their Corporate Statement, Defendant identifies the following documents and categories of documents, electronically stored information, and tangible things that it may use to support its claims, unless solely for impeachment. Note the documents listed below are in the care, custody and control of the corporate entities listed.

   a. Complete personnel file for Lauren Jordan.
   b. Plaintiff's EEOC charge of discrimination.
   c. All correspondence between and among Plaintiff and all Trulieve representatives regarding her employment with Trulieve.
   d. Documents relating to Trulieve's investigation of any claims or reports of sexual harassment from Plaintiff or any other employee named in the Complaint.

3

e. Documents relating to Trulieve's Loss Prevention investigation into Plaintiff's activity.
   f. Panama City Beach Retail Store delivery manifests for January 2020.
   g. Correspondence from Kristin Overman to Christopher Kibler regarding her sexual harassment claims.
   h. All documents listed on Plaintiff's 26(a)(1) disclosure.

3. Pursuant to Rule 26(a)(l)(A)(iii), Defendant is not currently seeking damages in this action. Defendant reserves the right to supplement this disclosure under Rule 26(e).

4. Pursuant to Rule 26(a)(l)(A)(iv), Defendant will submit to counsel for Plaintiff a copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment.

Respectfully submitted this 29th day of July, 2022.

*/s/ Melanie R. Leitman*
**Melanie R. Leitman**
Florida Bar No. 091523
Highpoint Tower
106 East College Avenue
Suite 700
Tallahassee, Florida 32301
Phone: (850) 329-4846
Facsimile: (850) 329-4844
mleitman@stearnsweaver.com
lrussell@stearnsweaver.com

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2022, a true and accurate copy of the foregoing has been electronically served through the Court's CM/ECF system to all parties of record.

*/s/ Melanie Leitman*
Melanie Leitman